# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PHILLIPS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JOSIE GASTELO, Warden,<br><br>　　　　Respondent. | Case No.  1:16-cv-01303-DAD-JLT (HC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS SUCCESSIVE PETITION<br>[Doc. No. 8]<br><br>[TWENTY-ONE DAY OBJECTION PERIOD] |

　　　　On October 14, 1998, Petitioner was convicted in the Kern County Superior Court of attempted murder, mayhem, and assault with a deadly weapon.  Petitioner was sentenced to twenty-five years to life plus seven years.  Petitioner sought review in the state courts.

　　　　On September 6, 2016, Petitioner filed this federal petition challenging the 1998 sentence.  Respondent moved to dismiss the petition on November 10, 2016, on the grounds that the petition is successive and untimely.  (Doc. No. 8.)  Petitioner filed an opposition on December 15, 2016, and Respondent filed a reply on December 22, 2016.  (Doc. Nos. 12, 13.)

　　　　Respondent is correct that the petition is successive.  In Philips v. Giurbino, Petitioner filed a federal petition for writ of habeas corpus challenging the same conviction and sentence.  See Case No.: 1:02-cv-05251-REC-TAG.  The Court denied the petition on the merits on July 15, 2005.  Petitioner appealed to the Ninth Circuit Court of Appeals but that Court denied a

certificate of appealability on April 21, 2006.  Because this petition is successive, the Court will recommend that Respondent's motion be granted and the petition be DISMISSED.  Insofar as the petition is successive, it is not necessary to determine whether it is untimely.

## DISCUSSION

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).  However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction.  That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.

Petitioner attempts to circumvent AEDPA's bar to second or successive petitions by arguing that he challenges the execution of his sentence rather than the imposition of his sentence. Petitioner's argument is not well-taken. With this petition, he challenges the same judgment, and he challenges the award of *pre-sentence* custody credits. The law is clear that he must first obtain authorization from the Ninth Circuit.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that Respondent's motion be GRANTED and the petition be DISMISSED as successive.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any replies to objections must be filed within seven days of the date of service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 4, 2017**             /s/ **Jennifer L. Thurston**
                                   UNITED STATES MAGISTRATE JUDGE